### CHRISTENSEN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 18, 1907.)

No. 1,354.

RIOT—SENTENCE—CONFORMITY TO CHARGE IN INDICTMENT.

Under Alaska Penal Code, § 112, which provides that a person convicted of riot under the preceding section shall be punished by imprisonment in the penitentiary not less than 3 nor more than 15 years "if such person carried at the time of such riot any species of dangerous weapon, or was disguised, or encouraged or solicited other persons who participated in the riots to acts of force or violence," and in all other cases by imprisonment in the county jail not more than a year or by a fine, a court is without power to impose a penitentiary sentence where the indictment did not charge any of the acts of aggravation enumerated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Riot, § 13.]

In Error to the District Court of the United States for the Second Division of the District of Alaska.

The plaintiff in error was convicted of riot, as that offense is defined by the laws of Alaska, upon an indictment charging as follows: "John Christensen, E. Anderson, John Larson, Frank Green and John Doe and Richard Roe, whose true names are to the grand jury unknown, are accused by the grand jury of the District of Alaska, Division No. Two, by this indictment of the crime of riot committed as follows: The said John Christensen, E. Anderson, John Larson, Frank Green, and John Doe and Richard Roe, whose true names are to the grand jury unknown, on the 13th day of August, A. D. 1905, in the District aforesaid, did wrongfully, unlawfully and feloniously, acting together and without authority of law, with force and violence make an assault upon John Rigby, Fred Thorpe, Horace Bell, O. L. Green, Scott Burgess and John Bustrom, and having the immediate power of execution so to do did threaten to assault with force and violence the said John Rigby, Fred Thorpe, Horace Bell, O. L. Green, Scott Burgess and John Bustrom, contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States." On October 23, 1905, the plaintiff in error was sentenced to be imprisoned in the United States penitentiary at McNeil's Island for a period of three years and three calendar months.

The statute of Alaska (section 111 of the Penal Code) defines riot as follows: "That any use of force or violence, or any threat to use force or violence, if accompanied by immediate power of execution, by three or more persons acting together and without authority of law, is riot."

Section 112 denounces the penalty for participating in riot, and provides:

"Second. If such person carried at the time of such riot any species of dangerous weapon, or was disguised, or encouraged or solicited other persons who participated in the riots to acts of force or violence, such person shall be punished by imprisonment in the penitentiary not less than three nor more than fifteen years;

"Third. In all other cases such person shall be punished by imprisonment in the county jail not less than three months nor more than one year, or by fine not less than fifty nor more than five hundred dollars."

W. H. Hutton and James W. Bell, for plaintiff in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the case as above). The indictment in this case falls under the third subdivision of section 112. It does not charge that the plaintiff in error carried, at the time of the alleged riot, any species of dangerous weapon, or that he was disguised, or that he encouraged or solicited other persons to acts of force or violence. Under the indictment the trial court was powerless to inflict any greater punishment than imprisonment for one year, as prescribed in the third subdivision of the section. The plaintiff in error, having served more than one year of the term for which he was imprisoned, is entitled to his discharge.

The judgment is reversed, and it is ordered that the plaintiff in error be discharged from custody.